In the Matter of Everett CHARLESTON, a witness before the Special Grand Jury, Appellant,

v.

UNITED STATES of America, Appellee.

In the Matter of Joseph HERLICY, a witness before the Special Grand Jury, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 71–1787, 71–1788.

United States Court of Appeals, Ninth Circuit.

June 16, 1971.

Gilbert Eisenberg (argued), of Filippelli & Eisenberg, San Francisco, Cal., for Charleston.

James F. Hewitt (argued), S. F. Federal Criminal Defense, San Francisco, Cal., for Herlicy.

Jack O'Connell (argued), Organized Crime & Racketeering Section, U. S. Dept. of Justice, San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

These are consolidated appeals from civil contempt orders of confinement entered on May 20 and 21, 1971, pursuant to 28 U.S.C. § 1826. The orders were based upon findings that appellants had failed to obey the orders of the district court that appellants answer certain questions put to them before a special grand jury. Another panel of this court has heretofore stayed the orders of confinement pending disposition of these appeals.

Before ordering appellants to testify before the grand jury, the district court granted them immunity under section 201 of the Organized Crime Control Act of 1970, 18 U.S.C. § 6002. Appellants argue that the "use immunity" provided by section 6002 does not provide them protection commensurate with the Self-Incrimination Clause of the Fifth Amendment, and that only if they are provided a "transaction immunity," would appellants be under compulsion to testify before the grand jury.

This identical contention was rejected in Stewart v. United States and Kastigar v. United States, 440 F.2d 954 (9th Cir. March 29, 1971). On May 17, 1971, the Supreme Court granted certiorari in *Stewart* and *Kastigar,* 402 U.S. 971, 91 S.Ct. 1668, 29 L.Ed.2d 135. On May 20, 1971, the Seventh Circuit reached the opposite result in Matter of Korman and Likas, holding that the Fifth Amendment requires that any jurisdiction

which seeks to compel a witness to testify grant full transactional immunity.

◼ Appellants ask us to overrule *Stewart-Kastigar*. But this would require that the cause be reheard in banc, since under the long-standing practice of this court, a panel may not overrule a prior decision.

◼ Title 28 U.S.C. § 1826 provides that an appeal from an order of confinement under section 1826 "shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal." The notices of appeal herein were filed in the district court on May 21, 1971. Assuming, but not deciding, that the thirty-day limit thus prescribed pertains to disposition of the appeal in the court of appeals, that the provision is mandatory rather than directory, and that a mandatory time limit of this kind is constitutional, we are required to decide this case not later than June 21, 1971.

These appeals could not be reheard in banc, and decided, by June 21, 1971. This time limit also precludes us from holding these appeals in abeyance until the Supreme Court decides *Stewart-Kastigar* in which it has just granted certiorari.

It follows that within the time allowed us under 28 U.S.C. § 1826 to decide these appeals, the decision of this court in *Stewart-Kastigar* is binding upon us.

Accordingly, and under the compulsion of that decision, we affirm. A petition for rehearing will not be entertained.

Counsel for appellants advised us at oral argument that in the event of affirmance they would apply for a writ of certiorari. Issuance of the mandate herein is therefore stayed thirty days to enable appellants to apply for a writ of certiorari. If a timely application for such a writ is filed, the stay shall remain in effect until the application has been denied, or, if granted, until the cause has been determined by the Supreme Court.