RUSSO ET AL. *v.* BYRNE, U. S. DISTRICT JUDGE

No. A–150.   Decided July 29, 1972

MR. JUSTICE DOUGLAS, Circuit Justice.

The question raised by this application for stay presents a profoundly important constitutional question not squarely decided by the Supreme Court but ruled upon by the District Court and by the Court of Appeals in a way that is seemingly out of harmony with the import of our decisions.

The electronic surveillance used by the Government was represented to me on oral argument as being in the "foreign" field.   No warrant, as required by the Fourth Amendment and by our decisions, was obtained, only the authorization by the Attorney General.   Such authorization was held insufficient in our recent decision in *United States* v. *United States District Court,* 407 U. S. 297 (1972).   It is argued that that case involved "domestic" surveillance, but the Fourth Amendment and our prior decisions, to date at least, draw no distinction between "foreign" and "domestic" surveillance.   Whether such a distinction will eventually be made is for the Court, not for me, to make.   Moreover, in light of the casual way in which "foreign" as distinguished from "domestic"

surveillance was used on oral argument it may be that we are dealing only with a question of semantics. Defendants' telephonic communications, it seems, were not tapped, nor were those of their attorney or consultants. But a conversation or several conversations of counsel for defendants were intercepted.

The District Court in an *in camera* proceeding ruled that those conversations were not relevant to any issues in the present trial. The Court of Appeals, as I read its opinion, ruled that the defendants—*i. e.*, applicants who make this application—have no "standing" to raise the question. If, however, the interceptions were "relevant" to the trial, it would seem they would have "standing."

Therefore it would seem to follow from the reasoning of the Court of Appeals that whether or not there was "standing" would turn on the merits. The case, viewed in that posture, would seem to require an adversary hearing on the issue of relevancy. We held, in *Alderman* v. *United States*, 394 U. S. 165, 182 (1969), that the issue of relevancy should not be resolved *in camera*, but in an adversary proceeding. *Alderman* would be greatly undercut if the issue of relevancy could be resolved *in camera*, and if the trial court ruled against the defendants on the merits and then determined they had no "standing" to complain.

I seriously doubt if the ruling of the Court of Appeals on "standing" accurately states the law. In modern times the "standing" of persons or parties to raise issues has been greatly liberalized. Our Court has not squarely ruled on the precise issue here involved. But it did rule in *Flast* v. *Cohen*, 392 U. S. 83, 103 (1968), that one who complains of a violation of a First Amendment right has "standing." On oral argument *Flast* was distinguished from the present case on the ground that under the Fourth Amendment only those whose premises have been in-

vaded or whose conversations have been intercepted have standing to complain of unconstitutional searches and seizures. That contention, however, does not dispose of this case.

The constitutional right earnestly pressed here is the right to counsel guaranteed by the Sixth Amendment. That guarantee obviously involves the right to keep the confidences of the client from the ear of the Government, which these days seeks to learn more and more of the affairs of men. The constitutional right of the client, of course, extends only to his case, not to the other concerns of his attorney. But unless he can be granted "standing" to determine whether his confidences have been disclosed to the powerful electronic ear of the Government, the constitutional fences protective of privacy are broken down.

My authority is to grant or deny a stay, not to determine whether the Court of Appeals is right or wrong on the merits. If the application presents frivolous questions it should be denied. If it tenders a ruling out of harmony with our prior decisions, or questions of transcending public importance, or issues which would likely induce this Court to grant certiorari, the stay should be granted.

I am exceedingly reluctant to grant a stay where the case in a federal court is barely under way. But conscientious regard for basic constitutional rights guaranteed by the Fourth and Sixth Amendments makes it my duty to do so. I, therefore, order that the trial be stayed for 30 days pending application to this Court for a writ of certiorari and thereafter stayed pending the determination of the petition.

. If the law under which we live and which controls every federal trial in the land is the Constitution and the Bill of Rights, the prosecution, as well as the accused, must submit to that law.