No. 72–623. TIERNEY ET AL. *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioners and other Irish-Americans living in New York were subpoenaed to appear before a federal grand jury sitting in the Northern District of Texas. Even though they had been granted immunity under 18 U. S. C. §§ 6002–6003, petitioners refused to answer various questions regarding the purchase of firearms in the United States. Petitioners were held in civil contempt.

Petitioners based their refusal to testify on the grounds that their counsel had been overheard on a Government wiretap two days prior to their appearance before the grand jury, and that the use immunity they had been granted under 18 U. S. C. §§ 6002–6003 was ineffective to protect them against foreign prosecution. At the time the contempt hearing was held before the District Court, the Government alleged that there were no overhearings of the petitioners' counsel, and the District Court held that there was no substantial possibility of foreign prosecution. By the time the appeal was heard by the Court of Appeals, the Government had disclosed the wiretapped conversation, which the Court of Appeals examined *in camera,* and determined was not relevant to the petitioners. The Court of Appeals sustained the determination of contempt. 465 F. 2d 806.

I granted petitioners bail pending the determination of their petition for certiorari on the ground that the issues presented were substantial. 409 U. S. 1232 (in chambers). I would grant certiorari for the same reason.

In my dissent from denial of certiorari in *Russo* v. *Byrne,* 409 U. S. 1013, I pointed out the Court's concern in *Alderman* v. *United States,* 394 U. S. 165, with the necessity of allowing the parties themselves to assess

and argue whether or not overhearings were relevant to their specific case. An *in camera* determination of relevancy will seldom, if ever, be a sufficient safeguard against the governmental interference with the constitutionally protected area of right to counsel. In the instant case, upon admitting that the overhearing had occurred, the Government stated that it was "in connection with a separate aspect of the investigation." If the overhearing had anything to do with the grand jury investigation for which petitioners were called as witnesses, no one but petitioners and their counsel were in a position to determine in what ways the conversation might relate to overall strategy or defense. The right to counsel is especially important to a person involved in a grand jury investigation. Numerous and complex rights and liabilities are often involved, yet the average citizen may have even less knowledge of these rights than of his rights as a defendant in a criminal proceeding. Anything which undermines the effective assistance of counsel will severely handicap those who are forced to testify.

The Court itself in *Zicarelli* v. *New Jersey State Commission of Investigation,* 406 U. S. 472, 481, although not deciding the questions raised by the possibility of testimony for which a witness had been granted §§ 6002–6003 immunity being used against him in a foreign prosecution, indicated the constitutional importance of such questions. In the instant case, the possibility of foreign prosecution is not insignificant. There are indications that the impetus for the grand jury investigation was the request of foreign powers.[1] It is not enough to say

---

[1] News articles in both the New York Times, July 17, 1972, and in the Dallas Morning News, June 23, 1972, indicated that the British Government had requested that the Nixon administration take steps to cut off the alleged flow of arms from the United States to Northern Ireland.

that petitioners are not subject to a foreign jurisdiction: At any time petitioners could be traveling in a foreign country or find themselves the subjects of various international extradition treaties. Neither is it an answer that grand jury testimony is secret. There are innumerable circumstances in which access to grand jury testimony can be had.[2]

I would grant the writ of certiorari.

---

[2] A witness' compelled grand jury testimony can be used as a basis for a perjury prosecution, wherein an *in camera* proceeding would violate the accused's right to a public trial. In addition, grand jury testimony is regularly disclosed to criminal defendants without a court order pursuant to *Brady* v. *Maryland,* 373 U. S. 83, and *Jencks* v. *United States,* 353 U. S. 657.