**In re FEDERAL GRAND JURY WITNESS.**

**UNITED STATES of America, Appellee,**

v.

**Robert Lawrence LEMIEUX, Appellant.**

**No. 79–1228.**

United States Court of Appeals, Ninth Circuit.

April 23, 1979.

Rehearing Denied June 21, 1979.

---

Walter B. Nash, III, Tucson, Ariz., for appellant.

John G. Hawkins, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HUFSTEDLER, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

Robert Lawrence Lemieux appeals his commitment for civil contempt after he refused to answer questions under a grant of immunity before a federal grand jury. He argues that his testimony could leak out and subject him to prosecution in Mexico and elsewhere. He therefore contends that the Fifth Amendment shields him from the duty to testify.

The law of this circuit denies relief. *In re Weir*, 495 F.2d 879, 881 (9th Cir.), *cert.*

denied, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974). The *Weir* case rejected a similar claim, holding that there was no real and substantial danger of foreign prosecution because the district court had the power and duty to preserve the secrecy of the grand jury. Fed.R.Crim.P. 6(e). Because there was no real and substantial danger, we followed *Zicarelli v. New Jersey State Investigation Commission*, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972), and affirmed Weir's judgment of contempt. We again affirm.

The district court in this case correctly held that its power to prevent disclosure of the grand jury testimony obviated any need for further immunity beyond that already provided.

Lemieux lists a number of hypothetical scenarios in which his grand jury testimony could be made public in the future.[1] This point was answered by *In re Tierney*, 465 F.2d 806, 812 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973):

"Appellants point to specific circumstances where it might be necessary to disclose the testimony of appellants, one where it became necessary in the defense of another, and the other in showing derivative use of testimony given under immunity. The answer is that the court granting immunity could protect appellants by refusing to make their testimony available to defendants in other cases, where it is shown to be necessary to the defense, although the refusal might lead to an acquittal. The court could control any problem as to derivative use of the testimony by an in camera proceeding.

"Appellants also argue that secrecy would be breached in the event their testimony was used * * * in perjury proceedings against them. Again the initial protection would come from an in camera proceeding. Thereafter, if * * a perjury prosecution should seem indi-

---

1. The Supreme Court has made it clear that statements made under a grant of immunity before a grand jury may not be introduced to impeach the grand jury witness at a subse-

quent criminal trial in which he or she is a defendant. *State v. Portash*, 436 U.S. 955, 98 S.Ct. 3067, 57 L.Ed.2d 1120 (1979).

cated to the district court, the question would arise as to whether the scope of the Fifth Amendment embraces protection against [the] perjury [prosecution]. We will not now rule on such a speculative hypothesis \* \* \*."

Because of the nature and complexity of the legal questions presented, and the necessary time taken by counsel to brief the appeal, this court has not attempted to comply with the literal language of 28 U.S.C. § 1826(b) which purports to require a decision within thirty days of the filing of the appeal. Confinement was stayed, pending the appeal, and no party has been prejudiced by the passage of the time necessary for responsible deliberation. *See Charleston v. United States*, 444 F.2d 504, 506 (9th Cir.), *cert. dism.*, 404 U.S. 916, 92 S.Ct. 241, 30 L.Ed.2d 191 (1971); *Melickian v. United States*, 547 F.2d 416 (8th Cir.), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977).

Affirmed.

HUFSTEDLER, Circuit Judge, concurring specially:

I concur with the majority under the compulsion of *In re Weir* (9th Cir. 1974) 495 F.2d 879.

Lemieux was subpoenaed to testify before a federal grand jury investigating a marihuana smuggling conspiracy allegedly operating in the United States, Mexico, and Colombia. After he was immunized, Lemieux continued his refusal to testify, claiming that the immunity grant did not protect him from foreign prosecution. The Government stipulated that it intended to question Lemieux about the conspiracy, including overt acts by Lemieux in Colombia and Mexico, and that it would not be possible to limit the questions or the responses to avoid statements that could incriminate Lemieux in those foreign countries. The district court found that Lemieux could be prosecuted in Mexico for offenses carrying a penalty of six years' imprisonment and in Colombia for offenses carrying a penalty of from five to 14 years' imprisonment.

In *Zicarelli v. New Jersey State Commission of Investigation* (1972) 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234, the Court did not reach the Fifth Amendment question because it concluded that the possibility of foreign prosecution was "remote and speculative." (406 U.S. at 478, 92 S.Ct. 1670.) In contrast, Lemieux's fears of foreign prosecution are neither remote nor speculative, as the Government's stipulation acknowledges.

In *Weir*, we held that an immunized grand jury witness could not entertain any real or substantial fear of foreign prosecution because "the grand jury proceedings are secret, Fed.R.Crim.P. 6, and we cannot assume that the rule will be broken and the proceedings disclosed to the Mexican government." (495 F.2d at 881.) The Fifth Circuit in *In re Tierney* (5th Cir. 1972) 465 F.2d 806; *In re Grand Jury Proceedings (Postal)* (5th Cir. 1977) 559 F.2d 234, reached the same conclusion for the same reason.

The unarticulated premise of both *Weir* and the Fifth Circuit cases is that disclosure cannot occur without violating Rule 6(e). The assumption is unsupported by Rule 6(e) itself and, apart from the rule, it is unacceptably disingenuous.

In the first place, Rule 6(e) permits disclosure to "(i) an attorney for the government for use in the performance of such attorney's duty; and (ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law." A person to whom disclosure is made under (ii) may only use the information to assist the government attorney in performing the attorney's duty to enforce federal criminal law. The rule does not restrict "the performance of such attorney's duty" to the matter under investigation by the grand jury. For example, if the government attorney's duties include the cooperative exchange of information with foreign officials to stop international drug trafficking, Rule 6(e) may permit disclosure. Even if the foreign official's use

of the disclosed information to enforce his own country's law would violate Rule 6(e), the foreign official's actions would be beyond the reach of the court.

In the second place, the 1977 amendment of Rule 6(e) permits disclosure to non-attorneys without a court order. The Advisory Committee note states:

"The Rule as redrafted is designed to accommodate the belief on the one hand that Federal prosecutors should be able, without the time-consuming requirement of prior judicial interposition, to make such disclosures of grand jury information to other government personnel as they deem necessary to facilitate the performance of their duties relating to criminal law enforcement."

The secrecy of grand jury testimony cannot be promised after an indictment has been returned. Defendants may obtain grand jury testimony for a number of purposes. (*E. g., Dennis v. United States* (1966) 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973.) The *Tierney* court's confidence that "the court granting immunity could protect appellants by refusing to make their testimony available to defendants in other cases . . . " (465 F.2d at 812) is misplaced. If the immunized witness is called as a prosecution witness, the court could not prevent access to his grand jury testimony without violating the defendant's statutory and constitutional rights. Moreover, the possibility is remote that a court will refuse to disclose grand jury testimony if the price for preserving secrecy is the potential dismissal of the very indictments that the testimony was obtained to secure, or, acquittal of the same persons because the grand jury testimony was not available to them.

Under Rule 6(e), the court cannot assure the witness that his compelled .testimony will not reach the hands of foreign prosecuting authorities, either legitimately or illegitimately. (*See In re Cardassi* (D.Conn. 1972) 351 F.Supp. 1080, 1083.)

It is no answer to Lemieux's fears that he can avoid foreign prosecution by giving up travel to or through a foreign country that may prosecute him. Assuming that the burden on his traveling choice is permissible, it is a choice that he may never have. Extradition proceedings could force him to travel to Mexico or Colombia. The Government responds that Lemieux should not worry about extradition because it is unlikely that a witness would be extradited if the foreign government's case were based upon compelled testimony by an immunized witness. Apparently, that prediction is a matter of governmental grace and good intentions of governmental officials. An immunized witness is not obliged to yield his privilege against self-incrimination in reliance upon such unenforceable assurances. (*Cf. Kastigar v. United States* (1972) 406 U.S. 441, 460, 92 S.Ct. 1653, 32 L.Ed.2d 212.)

Because I believe that Lemieux has demonstrated both the reality and the reasonableness of his fears of foreign prosecution, I would reach the constitutional issue if *Weir* permitted us to do so. If the question were open in this Circuit, I would hold that the witness could not be compelled to testify because the immunity granted is not co-extensive with Lemieux's Fifth Amendment privilege. In reaching that conclusion, I would adopt the reasoning of *In re Cardassi, supra*, 351 F.Supp. 1080. (*See United States v. Yanagita* (2d Cir. 1977) 552 F.2d 940, 946 ("the government [is] required to show that the foreign government respects the grant of immunity conferred on the witness in order to compel him to testify").)[1]

---

1. I am aware that the Tenth Circuit reached a contrary conclusion in *In re Parker* (1969) 411 F.2d 1067, but the fragmentary rationale is not persuasive for the reasons expressed by Judge Newman in *Cardassi*.