**In re GRAND JURY PROCEEDINGS.**

**Appeals of James T. SMITH and Gary W. Lee.**

**Nos. 79–3115, 79–3116**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1979.

As Corrected Nov. 8, 1979.

James T. Smith, pro se.

Gary W. Lee, Houston, Tex., pro se.

J. A. Canales, U. S. Atty., James R. Gough, James L. Powers, John M. Potter, Asst. U. S. Attys., Houston, Tex., for appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

The recalcitrant witness statute provides that an appeal from an order of confinement for refusal to testify shall be decided within thirty days from the filing of the appeal, 28 U.S.C. § 1826(b). Pursuant to the practice of this Circuit, which is also described in *United States v. Gravel,* 5 Cir. 1979, 605 F.2d 750 (No. 79–3001), we entered an order extending the time for deciding this appeal and the parties proceeded on an expedited briefing schedule. *See also United States v. Field,* 5 Cir. 1976, 532 F.2d 404, 406 n. 3, *cert. denied,* 1976, 429 U.S. 940, 97 S.Ct. 354, 50 L.Ed.2d 309; *Beverly v. United States,* 5 Cir. 1972, 468 F.2d 732, 740–42; *In re Tierney,* 5 Cir. 1972, 465 F.2d 806, 809, *cert. denied,* 1973, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276. The First Circuit has decided an appeal after the thirty-day limit had expired apparently without entering an order extending the time. *United States v. Doe,* 1 Cir. 1972, 460 F.2d 328, 332 n. 3, *cert. denied sub nom.,* 1973, *Popkin v. United States,* 411 U.S. 909, 93 S.Ct. 1527, 36 L.Ed.2d 199. The Eighth Circuit has ruled that, if the court cannot decide the case within the thirty-day period, the appellant must be released from custody until the appeal is decided. *Melickian v. United States,* 8 Cir. 1977, 547 F.2d 416, 419–20, *cert. denied,* 1977, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381. The Tenth Circuit has held that the thirty-day period is mandatory and cannot be extended by waiver, stay or release on personal recognizance. *In re Berry,* 10 Cir. 1975, 521 F.2d 179, 181, *cert. denied,* 1975, 423 U.S. 928, 96 S.Ct. 276, 46 L.Ed.2d 256. See also *Genson v. United States,* 7 Cir. 1976, 534 F.2d 719, 730 n. 11; *Brown v. United States,* 9 Cir. 1972, 465 F.2d 371, 372.

Grand Jury 79–1, S.D.Tex., was conducting an investigation of violations of Federal Criminal law possibly committed by James T. Smith and Gary W. Lee. Both were subpoenaed to appear before the Grand Jury; neither did. Show cause orders and bench warrants were issued for their arrests. Both filed *pro se* pleadings contesting the jurisdiction of the Grand Jury over them. On August 27, 1979, a hearing was held. Judge Cire told appellants that they had to honor the subpoenas to *appear* before the Grand Jury. Lee did not speak at the hearing, but Smith claimed that, since no one had sworn an oath that they had committed a crime, they need not honor the subpoena. Judge Cire ordered them to jail.

Both filed *pro se* pleadings entitled Request for Emergency Hearing En Banc, Review on Writ of Error. We treat these pleadings as notices of appeal. We affirm the action of the District Court.

Both appellants have filed virtually verbatim pleadings in this Court repeating their position below: that no oath stating that they had committed a crime was attached to the "complaint". Hence, they argue, they are not subject to the jurisdiction of the Court.

The appellants are off base. The record does not indicate that they have been accused of any crime other than contempt. In *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974), the Court wrote:

> The power of a federal court to compel persons to appear and testify before a grand jury is also firmly established. (Cites case.) The duty to testify has long been recognized as a basic obligation that every citizen owes his Government.

The transcript reveals that the District Court gave appellants "all the time you want" to appear or to defend their actions. Appellants have failed to meet their burden of demonstrating that they were deprived of any rights. *Matter of Berry* at 181.

Inasmuch as the appellants fail to make any relevant challenge to the orders that they appear before the Grand Jury or any challenge to the District Court's procedures in adjudicating them guilty of contempt, their appeals are unavailing.

Subject to their utilization of any constitutional right available to them after they appear before the Grand Jury the appellants must appear as ordered. The order is

AFFIRMED.