**UNITED STATES of America, Plaintiff,**

v.

**David BRUMMITT, Defendant.**

**No. EP–80–CR–100.**

United States District Court,
W. D. Texas,
El Paso Division.

Oct. 20, 1980.

Elizabeth Rogers, Asst. U. S. Atty., El Paso, Tex., and James E. Bock, Asst. U. S. Atty., San Antonio, Tex., for the United States.

Charles L. Roberts and Joseph Abraham, Jr., El Paso, Tex., for defendant David Michael Brummitt.

HEMPHILL, Senior District Judge, Sitting by Designation.

Defendant, charged in a two count indictment with criminal contempt under 18 U.S.C. 401(3),[1] sought, through able counsel, to interpose a defense of "fear of foreign prosecution". This Court denied such a defense on the basis of the ruling of *In re Brummitt*, 608 F.2d 640 (5th Cir.), in which the United States Fifth Circuit Court of Appeals, reflecting a prior opinion and holding:

> In our prior opinion, we relied on precedent to hold that the fear of foreign prosecution is not a defense to contempt for refusal to testify and "that a grand jury witness is adequately protected against the leak of his testimony by the district court's power to prevent such disclosure. *See* Fed.R.Crim.P. 6(e)." 608 F.2d at 643. *See In re Grand Jury Proceedings (Postal)*, 559 F.2d 234 (5th Cir. 1977) (Per Curiam), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1234, 55 L.Ed.2d 762 (1978); *In re Tierney*, 465 F.2d 806 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973). Even if we were to entertain such a defense in this circuit, cf. *In re Federal Grand Jury Witness (Lemieux)*, 597 F.2d 1166, 1168–69 (9th Cir. 1979) (Hufstedler, concurring specially), appellants' offer of proof has not presented a sufficient showing that they will be prosecuted by a foreign sovereign or that the protections of Rule 6(e) will be inadequate to prevent the disclosure of incriminating testimony. The trial court, therefore, committed no error in refusing to entertain appellant's defense.

---

**1.** 18 U.S.C. 401(3) provides:

Section 401. POWER OF COURT

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

A. This Court allowed defendant to make a proffer of proof,[2] so that there would be a record in case the Fifth Circuit Court of Appeals is asked to review the processes of the Court (the defendant was convicted on two counts). On the proffer defendant offers by his counsel a statement (the Court offered to take testimony and set a time certain to give him a hearing, but defendant's counsel later indicated he would file his proffer) to the effect that Brummitt has an actual subjective fear of foreign prosecution; the statement of counsel further says that United States Attorney would testify about another program/agreement between the United States and Mexico involving the exchange of evidence. Another statement contends that a Mexican lawyer was available to testify about Mexican drug laws. Other claims made by counsel are:

"3. That prior to this Defendant's appearances before the Grand Jury, the United States did not offer immunity against Mexican prosecution; did not pledge to take steps to prevent such prosecution; and did not pledge to prevent transfer of this Defendant's testimony.

4. That prior to this Defendant's appearances before Grand Jury, the United States District Court did not guarantee that the Defendant's testimony would be transferred pursuant to Rule 6(e), but only guarantee a hearing before transfer which is required by law in any regard.

5. That the Defendant's testimony on the information contained in this testimony could be released informally without a Rule 6(e) hearing to Federal Drug Enforcement Agencies who would in turn share this information with Mexican Drug Enforcement Agencies, pursuant to the exceptions stated in Rule 6(e).

B. These claims are not supported by affidavits from Brummitt, Assistant United States Attorney Jerry Tanzy, or Mexican Attorney Herman Rivera. In fact there are no verifications. The Court is asked to make a determination on an unsupported statement.

Another statement, again unsupported and unverified, contains a serious accusation by an officer of this Court (an attorney admitted to practice in the United States District Court for the Western District of Texas):

"E. That the particular United States Attorneys conducting the Federal Grand Jury on September 18, 1979, and on August 8, 1980, have leaked confidential Grand Jury testimony and other evidence in violation of F.R.Cr.P., Rule 6(e) to the news media in El Paso, Texas, within the time frame set forth in the above."

The writer, as a designee, to the district, and this circuit, does not comment on this departure from the normal.

C. Initially, this Court, having advantage of the *testimony given* before a Grand Jury (including the refusals), notes that defendant never indicated to the United States Attorney seeking his answers, that he feared foreign, or Mexican, prosecution. Despite the fact that defendant's lawyer was present/available outside the Grand Jury room, and advising him, neither he nor the lawyer informed the examiners on the Grand Jury of his alleged fear of foreign prosecution, nor sought of the District Judge any expansion of the immunity given nor any preservation (by sealing or otherwise) of the secrecy of the testimony he was ordered to give. If defendant, or his counsel, had asked for assurance and protection, and such were refused and/or if the ordering judge were asked for circumstance and protection and/or refused, defendant could well complain. Such is not the case, and his complaint/reliance on this fanciful defense has all the earmarks of an after thought. The record shows the judge was available for a plea for such protection; the record also shows no effort to approach judge,

2. In fairness to defendant the Court stated it would reduce its reasoning to writing, which accounts for this Order.

district attorney, or foreman of the Grand Jury for assurance that the testimony would not be used. The authority of the judge is shown in *Goodman v. United States*, 108 F.2d 516 (9th Cir. 1939), 127 A.L.R. 265; the Court held:

> It would seem to be well within the discretionary power of the Court to impose an oath of secrecy not alone upon grand jurors but upon witnesses, if the Court believes the precaution necessary in the investigation of the crime.[3]

D. The power of the Court over the Grand Jury is illustrated not only in the statute under which defendant is charged but by decisions clearly holding that a Grand Jury has no power to compel a witness to testify—only the Court has that power. *Siklek v. Commonwealth*, 112 S.E. 605, 133 Va. 789, 27 A.L.R. 135; *In re Shead*, 302 F.Supp. 569 (D.C. Cal.1969), *affirmed* 417 F.2d 384 (9th Cir. 1969); but the district court cannot control the course of a Grand Jury investigation, *Bursey v. United States*, 466 F.2d 1059 (9th Cir. 1972). And the rule permitting disclosure of records of Grand Jury proceedings requires a showing of particularized need or compelling necessity. *Smith v. United States*, 423 U.S. 1303, 96 S.Ct. 2, 46 L.Ed.2d 9. To infer that this Court would on the one hand give defendant immunity, and on the other hand reneg on its own integrity is so difficult to assume it is speculative. Only the Court can give immunity; only the Court can order the witness to answer; only the Court can order disclosure.

E. Rule 6(e) of the Federal Rules of Criminal Procedure continues the traditional Common Law practice of secrecy on the part of the members of the Grand Jury. *Schmidt v. United States*, 115 F.2d 394 (6th Cir. 1940).[4] A review of the rule is appropriate here:

18 U.S.C.A. Rule 6(e)

Rule 6. The Grand Jury

(e) Recording and Disclosure of Proceedings.

(1) Recording of Proceedings.—All proceedings, except when the grand jury is deliberating or voting, shall be recorded stenographically or by an electronic recording device. An unintentional failure of any recording to reproduce all or any portion of a proceeding shall not affect the validity of the prosecution. The recording or reporter's notes or any transcript prepared therefrom shall remain in the custody or control of the attorney for the government unless otherwise ordered by the court in a particular case.

(2) General Rule of Secrecy.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its delibera-

---

**3.** Citing *Blair v. United States*, 250 U.S. 273, 39 S.Ct. 468, 470, 63 L.Ed. 979.

**4.** The reasons for the oath of secrecy are stated in *United States v. Amazon Chemical Corp.*, D.C.Md., 55 F.2d 254, 261, "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammelled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. It is obvious that the basis of all but the last of these reasons for the secrecy is protection of the grand jury itself, as the direct independent representative of the public as a whole, rather than of those brought before the grand jury."

tions and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

(4) Sealed Indictments.—The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

When the 1979 amendments were added to the rule certain advisory committee notes reflect the control of the court over disclosure:

It must be emphasized that the proposed changes in Rule 6(e) deal only with the recording requirement, and in no way expand the circumstances in which disclosure of the grand jury proceedings is permitted or required. "Secrecy of grand jury proceedings is not jeopardized by recordation. The making of a record cannot be equated with disclosure of its contents, and disclosure is controlled by other means." *United States v. Price*, 474 F.2d 1223 (9th Cir. 1973).

The sentence added to subdivision (e)(3)(C) gives express recognition to the fact that if the court orders disclosure, it *may determine the circumstances of the disclosure.* (Emphasis added).

F. The Fifth Circuit Court of Appeals has recognized the integrity of the rule of secrecy in *United States v. Malatesta*, 583 F.2d 748, 752 (1978) where the prosecutor was declared to have erred where the reading of one grand jury transcript was made to another grand jury without sanction of the Court:

(2) Rule 6(e) of the Federal Rules of Criminal Procedure prohibits disclosure of matters occurring before the grand jury except when it is directed by the court, is made to the attorneys for the government for use in the performance of their duties, or is made to government personnel deemed necessary to assist an attorney for the government in performance of his duty to enforce federal criminal law. The rule is designed to protect grand jury secrecy and was adopted to implement the traditional reasons for cloaking grand jury proceedings: (1) to prevent the accused from escaping and from tampering with witnesses; (2) to protect the reputation of an accused who is not indicted; (3) to encourage witnesses to appear and speak freely; and, (4) to encourage jurors to engage in uninhibited investigation and deliberation. *See Pitts-*

*burg Plate Glass Co. v. United States,* 1959, 360 U.S. 395, 405, 79 S.Ct. 1237, 1244, 3 L.Ed.2d 1323, 1330 (Brennan, J., dissenting); *United States v. Procter & Gamble Co.,* 1958, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077.

(3) The government cannot rely on the thesis that this disclosure of grand jury materials was made to the attorneys for the government for use in the performance of their duties, a disclosure permitted by Rule 6(e). The revelation complained of is not the unveiling of the grand jury transcript to the attorneys for the government, but their reading of it to another grand jury. That kind of disclosure, although not sanctioned by Rule 6 without a court order, has been permitted in some circumstances. For example, in *United States v. Garcia,* 2 Cir. 1970, 420 F.2d 309, the court approved the use of one grand jury's minutes by government attorneys before another grand jury to obtain an indictment for perjury and later, in preparation for trial, to assist in the examination of witnesses. There the proceedings before the first grand jury were the predicate for the perjury indictment. Disclosure in such cases is necessary to prevent the obstruction of justice and to assure punishment for the crime. *See, e. g., State v. Richard,* 1898, 50 La. Ann. 210, 23 So. 331, and *Izer v. State,* 1893, 77 Md. 110, 26 A. 282. *See also Sherry, Grand Jury Minutes: The Unreasonable Rule of Secrecy,* 48 Va.L.Rev. 668, 675 n. 21 (1962) and Annot., 127 A.L.R. 272, 288 (1940), and cases cited therein. We have ourselves affirmed a conviction in which this procedure was followed. *See United States v. Crippen,* 5 Cir. 1978, 570 F.2d 535. Cf. *United States v. Brumley,* 5 Cir. 1977, 560 F.2d 1268 (prosecution for suborning perjury by grand jury witness). Moreover, a number of cases permit disclosure after the grand jury's deliberations have ended and an indictment has been returned. *United States v. Socony–Vacuum Oil Co.,* 1940, 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129, 1174; *United States v. Alper,* 2 Cir. 1946, 156 F.2d 222, 226.

(4) Judicial exceptions to the broad sweep of Rule 6 should not be expanded. It is neither time–consuming nor difficult to obtain a court order permitting disclosure. When the matter is presented to a court, the judge can take into account both the reasons why revelation is considered necessary and the purposes that underly the rule permitting secrecy. Thus, disclosure to another grand jury has been permitted by various district courts. *See In re May 1972 San Antonio Grand Jury, W.D. Tex.* 1973, 366 F.Supp. 522, 532. Compare *In re Grand Jury Investigation of Banana Industry, D.Md.* 1963, 214 F.Supp. 856, in which the disclosure of the testimony of only those witnesses no longer available was approved; this use is discussed and disapproved in *Garcia, supra. See also 1 Wright, Federal Practice and Procedure* : Criminal Section 107, at 177 (1969).

Secrecy of grand jury materials should be protected almost as well by the safeguards at the second grand jury proceeding, including the oath of the jurors, as by judicial supervision of the disclosure of such materials. If, however, as a matter of policy, disclosure to another grand jury is to be broadly sanctioned, that change should be effected by amendment of Rule 6, rather than by court decision. The real problem in later disclosure to another grand jury may lie in possible prosecutorial abuse, such as the use of selected portions of the testimony, or the presentation of a transcript when the witness in person would be unimpressive. So long as the defendant is prevented from discovering the grand jury's minutes, *Pittsburg Plate Glass Co. v. United States,* supra, and *United States v. Procter & Gamble Co.,* supra, the prosecutor's actions remain virtually unchecked. Even court scrutiny after the fact may not always be effective.

Other cases of similar authority and recognition are *United States v. Stanford,* 589 F.2d 285 (7th Cir. 1978) *cert. den.* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244; *Smith v. United States,* 423 U.S. 1303, 96 S.Ct. 2, 46

L.Ed. 9 (1975); *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1976); *Allis Chalmers Manufacturing Co. v. City of Fort Pierce, Fla.*, 323 F.2d 233 (5th Cir. 1963); and *United States v. Tucker*, 526 F.2d 279 (5th Cir. 1976).

G. In the searchlight of these decisions, defendant's claim cannot stand as

1) there is no showing Mexican prosecution was threatened or contemplated;

2) neither defendant, nor his attorney brought his claim of fear of foreign prosecution to the attention of Prosecutor, Grand Jury, or Judge;

3) there is no showing the Judge would have granted disclosure of the Grand Jury minutes to Mexican authorities, if such authorities were to seek them of the court;

4) the attorney for defendant was present at Grand Jury proceedings, knew of the application for the Order which defendant violated, defendant was told of the Order, and there is no evidence defendant or counsel sought protection from the judge at any time or for any reason, including the claim of fear of foreign prosecution;

5) there is no showing the inviolate secrecy of Grand Jury proceedings would have been violated;

6) since the testimony sought was that of defendant, he could not be made to testify, and no one who was in the Grand Jury room had authority to repeat the testimony outside the Grand Jury room;

7) the entire plea is, at best highly speculative.[5]

H. This Court has noted that counsel accuses the Office of United States Attorney of leaking information to the press. Certainly they have not leaked information which they did not have. The Court offered a hearing which was refused, and the Court would have allowed subpoena of the prosecutors for cross examination by defendant's attorney. Such was not asked. The Court, if asked, would certainly issue its Order against leakage to the press. The United States Fifth Circuit Court of Appeals has already ruled on the Court's authority in disclosure to the press. *United States v. Gurney*, 558 F.2d 1202 (5th Cir. 1977), *United States v. Evans*, 526 F.2d 701 (5th Cir. 1976). The position of defendant as to press leaks has no application here.

I. Not raised before the Court in any of the arguments presented in this criminal case, is the constitutional dimension of the claim of defendant, the testimony could be used against him elsewhere. Congress has recognized the necessity of protecting the witness who is forced to testify after a grant of immunity. Title 18 Section 6002 provides:

Section 6002. IMMUNITY GENERALLY.

Whenever a witness refuses, on the basis of his privilege against self–incrimination, to testify or provide other information in a proceeding before or ancillary to—

(1) a court or grand jury of the United States,

(2) an agency of the United States, or

(3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House,

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self–incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement or otherwise failing to comply with the order.

The question of similar nature to the one before us was raised in *United States v. Doe*, 361 F.Supp. 226 (E.D.Pa.1973); *affirmed*, 485 F.2d 678, 679, 682; *cert. den.*

---

**5.** *See United States v. Yanagita*, 552 F.2d 940 (2d Cir. 1977).

415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886, where a witness refused to testify after giving immunity, asserting that he might be suspected of smuggling guns to the Irish Republican Army and therefore could be prosecuted in Ireland or Great Britain and that his testimony could be used against him in such proceedings. The District Court held that the immunity would be granted, the Court relying on *United States v. Hockenberry*, 474 F.2d 247, 249–250 (3rd Cir. 1973) wherein it was held that if a grant of immunity statute is interpreted to allow damaging use of the compelled testimony its constitutionality is jeopardized. In *Hockenberry*, we find this statement:

> "Immunity from the use of compelled testimony ... prohibits the prosecutorial authorities from using the compelled testimony in any respect ..." Powell, J., in *Kastigar v. United States, supra*, 406 U.S. at 453, 92 S.Ct. at 1661.

It is thus held that the mandated *quid pro quo* is immunity coextensive with the privilege, that is, immunity from any damaging use of the compelled truthful statements in a future prosecution.

It is obvious from the language of the statute that the Congress recognized that the basic purpose of a grant of immunity is to permit compulsive testimony, compulsion of testimony which otherwise would be privileged by the Fifth Amendment to the Constitution of the United States. The Courts, in interpreting the privilege as well as the protection have said that the granting of immunity by the statute is "as broad as, but no broader than," the personal guarantee under the constitution and particularly the Fifth Amendment.[6] United States Fifth Circuit Court of Appeals, in addressing the subject of immunity in *United States v. Weiss*, 599 F.2d 730, 736 (5th Cir. 1979) said this:

> To protect the voluntariness of a waiver of fifth amendment rights, where a plea, confession or admission is based upon a promise of plea bargain or immunity, the government must keep its promise ... and defendant who gives testimony under a promise of immunity is entitled to the exclusion of *any* use of that testimony against him". (emphasis added)

This same impact, and of great guidance is the case of *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, 222 (1972) in which Mr. Justice Powell held that the transaction of immunity was broad as, but no broader than, the Fifth Amendment:

> "(1, 7, 8) The statute's explicit proscription of the use in any criminal case of "testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information)" is consonant with Fifth Amendment standards. We hold that such immunity from use and derivative use is coextensive with the scope of the privilege against self–incrimination, and therefore is sufficient to compel testimony over a claim of the privilege. While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader. Transactional immunity, which accords full immunity from prosecution for the offense to which the compelled testimony relates, affords the witness considerably broader protection than does the Fifth Amendment privilege. The privilege has never been construed to mean that one who invokes it cannot subsequently be prosecuted. Its sole concern is to afford protection against being "forced to give testimony leading to the infliction of 'penalties affixed to ... criminal acts.'" Immunity from the use of compelled testimony, as well as evidence derived directly and indirectly therefrom, affords this protection. It prohibits the prosecutorial authorities from using the compelled testimony in *any* respect, and it therefore insures that the testimony cannot lead to the infliction of criminal penalties on the witness."

J. This Court has misgivings concerning the processing of a proffer of proof. In no criticism of present counsel, who probably adhered to the practice common in the courts of this State, this Court has difficul-

---

6. *United States v. Trammel*, 10th Cir., 583 F.2d 1166.

ty in digesting a proffer where no testimony is taken.[7] The better rule is that suggested in the edifying opinion of Circuit Judge Hill in *United States v. Stricklin*, 591 F.2d 1112, 1118 (5th Cir. 1979) where he indicates the defendant should make a prima facie, non–frivolous showing on the issue, pursuant to a pre–trial motion where the Court hears the testimony sought to be introduced. Judge Hill observed that if defendant testified in support of his motion he would not waive the privilege against self incrimination [8] and his testimony could not be used against him at a subsequent trial. This would be so despite the fact that the issue is a court issue intertwined with the merits. That evidentiary proof should be offered to support the proof is later suggested in *United States v. Toney*, 615 F.2d 277, 279, 280 (5th Cir. 1980). *Phillips v. Wainwright*, 624 F.2d 585 (5th Cir. 1980) is authority for the rule that defense counsel has the responsibility for offering such proof as will make his purpose (issue) clear to the trial court.

Two state court decisions lend support to the procedures suggested by the Fifth Circuit. In *Palazzolo et al. v. Rahill*, R.I., 394 A.2d 690, 691 (1978) the Supreme Court of Rhode Island held:

> "An offer of proof is a litigant's tool for getting an answer to a question before the Court after an objection to the question has been sustained.
>
> \*  \*  \*  \*  \*  \*
>
> \* \* \* proponents would do well to observe something more than the mere ritualistic formalism which the rule as stated may suggest is all that is demanded."

In *Kane v. Carper–Dover Mercantile Co.*, 206 Ark. 674, 177 S.W.2d 41 (1944) the Supreme Court of Arkansas ruled there must be a definite offer to prove certain facts. The offer must be sufficiently specific to make it effective as the basis of an argument of error.

*See also United States v. Romano*, 1st Cir., 583 F.2d 1, 5. Perhaps we can get guidance from Blacks Law Dictionary (5th Ed. p. 1090):

> Proffer: to offer or tender, as the production of a document and offer of the same in evidence.

Absent a procedural rule this Court can only suggest that local rules may apply, using the guidance of appellate decisions.

K. This Court's opinion is written in deference to, and following the learned opinion in *In re Brummitt*, 608 F.2d 640 (5th Cir. 1979); the reason for the attempted exhaustion here intended is the difference: that case is a case of civil contempt—this, a criminal contempt.

For the reasons stated, the Motion to Dismiss was/is denied.

AND IT IS SO ORDERED.

---

7. This Court, in order that defendant might have his day in court on the issue he sought to supply, allowed the proffer in the form submitted, and proceeded as if proof were offered.

8. The opinion referenced to *Simmons v. United States* where the Supreme Court held that a defendant may testify in a pre–trial suppression hearing directed at vindication of his Fourth Amendment rights without fear that his testimony will be used against him at the subsequent trial.