UNITED STATES of America, Appellee,

v.

**Blair I. BENSON, Appellant.**

No. 80–1673.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1980.
Decided Feb. 5, 1981.
Rehearing Denied March 9, 1981.

Jay H. Fiedler, Grand Forks, N. D., for appellant.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before LAY, Chief Judge, BENNETT,* United States Court of Claims Judge, and HENLEY, Circuit Judge.

BENNETT, Judge.

Appellant, Blair I. Benson, with counsel, appeals his conviction for violations of the currency reporting statutes, specifically, 31 U.S.C. §§ 1059 and 1101 (1976). A jury trial was held in the United States District Court for the District of North Dakota, the Honorable Bruce M. Van Sickle presiding. Appellant urges as errors below that certain evidence was improperly admitted and that a requested jury instruction was not given. We affirm.

The essential facts may be simply stated: On or about November 15, 1979, the Royal Canadian Mounted Police contacted the United States Customs Service with information that appellant, a Canadian citizen, was planning to rent a Cessna aircraft and fly to Brownsville, Texas, to purchase marijuana. On December 2, 1979, appellant did rent a Cessna aircraft and flew into the United States, stopping first at Fargo, North Dakota. He did not report to the Customs Service or to the Immigration and Naturalization Service. Appellant subsequently flew to Texas on December 3 and was arrested there on December 8, 1980. A suitcase containing approximately 3¾ pounds of marijuana was seized from him.

Appellant was taken into custody and charged in the United States District Court for the Southern District of Texas, Brownsville Division, with three counts of violating federal laws relating to the purchase and distribution of marijuana, a controlled substance. On March 25, 1980, pursuant to a plea bargain, appellant pleaded guilty to the first count of the indictment which alleged a conspiracy to possess a quantity of

---

* Marion T. Bennett, Judge, United States Court of Claims sitting by designation.

marijuana with the intent of distributing it. Counts two and three of the indictment were then dismissed and appellant was sentenced to five years of unsupervised probation by the district court, the Honorable James De Anda presiding.

Meanwhile, on February 13, 1980, appellant had been indicted in the United States District Court for the District of North Dakota for violations of 31 U.S.C. §§ 1059 and 1101 (1976). He was charged with knowingly introducing monetary instruments from Canada into the United States in excess of $5,000 without reporting the same to the United States Customs Service in furtherance of the commission of violations of chapter 13 of title 21, United States Code, relating to his purchase of marijuana in Texas. Defendant was convicted by a jury on July 24, 1980. The following day he was given a two-year sentence, all but one month of which was suspended. He was thereafter to be placed on probation for a period of two years. The order was amended on August 15, 1980, to provide that the probation was to be unsupervised. It is only from the North Dakota conviction that appellant now appeals.

Appellant's first claim of error is that statements he made in connection with the guilty plea proceedings in the Texas court were improperly admitted into evidence at the North Dakota trial. The statements objected to were read from the transcript of the Texas proceedings and contained the following dialogue between appellant and the court:

> THE COURT: You came down here for the purpose of meeting Taylor and obtaining marijuana?
>
> DEFENDANT BENSON: Yes, sir.
>
> THE COURT: As a matter of fact, you did obtain three or four pounds, or three and a half pounds, I believe, is that what that Affidavit says. Is that true?
>
> DEFENDANT BENSON: Yes.
>
> THE COURT: And your purpose in obtaining the marijuana was to distribute it?
>
> DEFENDANT BENSON: Yes, sir.

The significance of this is that it bears on whether, under 31 U.S.C. § 1059 (1976), appellant's violation of the reporting requirements of 31 U.S.C. § 1101 (1976) was "in furtherance of the commission of any other violation of Federal law." It should be noted that appellant does not object to the introduction of his Texas conviction in the North Dakota trial, only these statements made in connection with the guilty plea proceeding.

Appellant makes three arguments as to why these statements should not have been admitted.

■ 1. Appellant contends that Fed.R. Crim.P. 11(e)(6), 18 U.S.C.App. at 1416 (1976), prevents the admission of statements made in connection with pleas of guilty in later criminal proceedings. However, that section on its face is inapplicable to this case. Appellant pleaded guilty in the Texas proceeding, his plea was accepted in open court and was the basis of his sentence by that court. Fed.R.Crim.P. 11(e)(6), 18 U.S.C.App. at 1416 (1976), only applies to "a plea of guilty, *later withdrawn*, or a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers." [Emphasis supplied.] It does not apply where a guilty plea is accepted and not withdrawn. *United States v. Mathis*, 550 F.2d 180, 182 (4th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1140, 51 L.Ed.2d 560 (1979).

■ 2. Appellant also asks us, implicitly, to extend the rule of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), to cover the case where a criminal defendant must waive his Fifth Amendment right to remain silent in order to take advantage of a Fed.R.Crim.P. 11 guilty plea proceeding. In *Simmons*, the Supreme Court found an impermissible tension imposed on a criminal defendant forced to choose between the assertion of two rights guaranteed by the Bill of Rights. The defendant in that case had to waive his Fifth Amendment right to remain silent in

order to assert standing at a hearing to suppress evidence seized allegedly in contravention of the Fourth Amendment. The Court therefore created an exclusionary rule which made inadmissible at a later trial the statements made by the defendant to establish standing at the suppression hearing. Here, however, there is no conflict between the assertion of constitutional rights since there is no constitutional right to plead guilty, as appellant admits. Since his alternative was to plead not guilty and proceed to a trial, with all its attendant protections, we do not think that this is the kind of situation which calls for the extraordinary relief fashioned in *Simmons. Cf. United States v. Kahan*, 415 U.S. 239, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974) (declining to extend *Simmons* to cover statements made at hearing on whether Sixth Amendment required appointment of counsel on basis of indigency where there was no good faith belief by criminal defendant that he was indigent); *United States v. Dohm*, 618 F.2d 1169, 1173–74 (5th Cir. 1980) (declining to extend *Simmons* to cover statements made by criminal defendant to assert Eighth Amendment right to bail at bail hearing); *United States v. Merrill*, 484 F.2d 168, 170 (8th Cir.), *cert. denied*, 414 U.S. 1077, 94 S.Ct. 594, 38 L.Ed.2d 484 (1973) (declining to extend *Simmons* to statements made at a removal hearing since there was no need to forego one constitutional right to exercise another one).

3. Appellant's other argument is that his waiver of his right to remain silent was not knowing and voluntary because the trial judge in Texas failed to inform him that what appellant said might be used against him in the North Dakota trial. From this appellant does not argue that his guilty plea in Texas was invalid, only that the statements made in connection with his guilty plea in Texas should not have been admitted in the North Dakota trial. The Texas court advised appellant as follows:

> You have a right to remain silent and say nothing that might incriminate you in the case. But when you plead guilty, I am going to ask you questions about this violation that you are charged with, and

you have to answer those questions and tell me exactly what you did so that I will be satisfied that there is a basis for your plea of guilty. So you lose your right to remain silent because you have to answer all those questions.

■ We think that this quote, fairly read, adequately informed appellant of his rights and the consequences of pleading guilty so far as the Fifth Amendment right to avoid self-incrimination is concerned. However, appellant insists that the trial court in Texas should have gone further. He argues that since the North Dakota indictment was outstanding at the time of his Texas guilty plea, and since it involved the same general course of conduct as the matter before the Texas court, the Texas trial judge should have specifically brought to his attention that his statements might incriminate him in the North Dakota case. Our view is that whether or not this might be laudable or required by the Constitution, *see generally United States v. Merrill, supra*, 484 F.2d at 170, it has no application in this case since, as appellant's counsel conceded at oral argument, there is nothing in the record to show that the trial court in Texas was aware of the North Dakota indictment.

We hold, therefore, that the trial court below did not err in admitting appellant's earlier statements into evidence.

Appellant also complains of the failure of the trial court to give a requested instruction to the jury. The issue arose in the following context. 31 U.S.C. § 1101 (1976) requires persons who knowingly transport monetary instruments to any place within the United States in any amount exceeding $5,000 on any one occasion to file a report. Violation is a misdemeanor. 31 U.S.C. § 1058 (1976) makes willful violations of the reporting requirements punishable by a fine not exceeding $1,000 or imprisonment not longer than one year, or both. However, 31 U.S.C. § 1059 provides for additional penalties in certain cases. That statute provides as follows:

Whoever willfully violates any provision of this chapter where the violation is—

> (1) committed in furtherance of the commission of any other violation of Federal law,

\* \* \* \* \* \*

shall be fined not more than $500,000 or imprisoned not more than five years, or both.

Appellant was convicted of a felony under section 1059 for failing to report the monetary instruments he brought in to the United States which were used in furtherance of the commission of a violation of the federal drug laws.

The refused instruction dealt with the meaning of the words "in furtherance of" in section 1059 and sought to define them in the following manner:

> If you find that the primary purpose of the defendant's trip to the United States was anything other than the violation of a federal law, that his purchase of marijuana was only incidental to his trip to the United States, you must find the defendant not guilty.

The trial judge, in his instructions to the jury, simply defined the words "in furtherance of" as "an advancement, helping forward or promotion."

 Appellant now contends this was error. He argues that the statute requires a finding that the primary purpose of the defendant's trip into the United States and his violation of the reporting statute must have been to violate another federal law. There is nothing in the statute to require such a construction. The language involved here is "in furtherance of." We think that can cover a situation where the primary purpose of a trip into the United States was not the violation of federal law. Appellee also correctly points out that it is not the purpose of the trip that is in question, but the purpose of bringing in the unreported monetary instruments. Appellant argues that if his interpretation is not adopted, the statute would apply to a case where the intent to violate federal law arose after the trip was made, and that such a result would be impermissible. We reject such logic because such a result could easily be avoided without adopting appellant's narrow construction of the statute. For instance, the statute could be construed as requiring only that *a* purpose, rather than the primary purpose, of bringing in the unreported monetary instruments was in furtherance of a commission of any other violation of federal law. So long as the formulation of the intent was required to be before the trip into the United States, appellant's purportedly impermissible result would not occur. In any event, appellant's hypothetical situation is not this case, and we need not consider whether such an instance would or could be covered by the statute.

We hold that the trial court's refusal to give the required instruction was not error.

Accordingly, the judgment of the district court and appellant's conviction are affirmed.