In re Trevor Davies BAIRD, Recalcitrant Witness Before Grand Jury.

Appeal of Trevor Davies BAIRD.

No. 81–1670.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1981.

Decided Jan. 14, 1982.

Certiorari Denied May 17, 1982. See 102 S.Ct. 2255.

Kent A. Higgins (argued), Bismarck, N. D., Gary Annear, Asst. U. S. Atty. (argued), James R. Britton, U. S. Atty., Fargo, N. D., for appellee.

Rodney S. Webb, U. S. Atty., Fargo, N. D., Patricia C. Gunn, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

HEANEY, Circuit Judge.

Trevor Davies Baird pleaded guilty to charges of possession of hashish with intent to distribute on or about September 16, 1980, and conspiracy to possess hashish with intent to distribute during the period from June 1, 1980, to September 21, 1980. He was sentenced on February 24, 1981, to imprisonment for eight years.

Baird was subsequently called to testify before a federal grand jury regarding his drug-related activities. Baird declined to answer certain questions, pleading his Fifth Amendment privilege against compulsory self-incrimination. The district court thereupon granted him immunity under 18 U.S.C. §§ 6002 and 6003. When Baird again declined to answer the questions, the court, after a hearing, found him a recalcitrant witness under 28 U.S.C. § 1826 and

directed his confinement until he indicated a willingness to answer.[1] We affirm.

Baird's invocation of the privilege against self-incrimination after the grant of immunity was based upon the fact that he is in danger of prosecution on drug-related charges in Canada. Baird was named in a charge lodged in the Provincial Court of British Columbia as a participant with all three of his codefendants in the federal indictment and twenty-four other persons in a conspiracy to "commit the indictable offense of importing a narcotic, to wit, cannabis resin, into Canada during the period from March 26, 1980 to October 3, 1980." On October 26, 1980, he was named in a second charge lodged in the same court as a participant in a conspiracy to commit the same offense for the period from February 1, 1979, to October 16, 1980.

Baird contends that the evidence obtained from him in the grand jury proceedings would tend to incriminate him under Canadian criminal law and that he, therefore, may not be compelled to answer.

Two issues are raised by this appeal: (1) Whether the Fifth Amendment privilege against compulsory self-incrimination provides protection for a witness who, although granted immunity from prosecution, has a real and substantial fear of foreign prosecution. (2) Whether Baird has shown a real and substantial fear that his testimony will expose him to the danger of foreign prosecution.

We have concluded that Baird has failed to show such a real and substantial fear. Therefore, we need not decide the constitutional question. *See Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972).

At issue here is the possibility of use of grand jury material to assist a government attorney in the control of international drug trafficking, and communication of that material to law enforcement personnel of foreign countries. The United States, Canada and the United Kingdom are signatories to the 1961 Multilateral Single Convention on Narcotic Drugs (Single Convention), 18 U.S.T. 1407, and to its 1972 Amending Protocol, 26 U.S.T. 1439, which provide for exchange of information and other forms of cooperation in controlling the illicit traffic in narcotic drugs. Baird contends that an attorney for the government, in complying with these agreements, may turn information obtained from his testimony over to Canadian officials, who could use that evidence against him in a criminal trial in Canada.

We disagree. The Single Convention and Amending Protocol generally provide that the agreements will be carried out subject to the constitutional, legal and administrative systems of each of the contracting parties. *See* Single Convention, Articles 35 and 36, 18 U.S.T. 1407 at 1425–1426; Protocol, Articles 13 and 14, 26 U.S.T. 1439 at 1450–1451. The government states that, as such, those agreements are subject to the strictures of Rule 6(e) of the Federal Rules of Criminal Procedure. We agree and hold that, because of the secrecy afforded grand jury proceedings by Rule 6(e), the possibility that incriminating testimony will be funnelled to foreign officials by an attorney for the government for use against Baird in a criminal prosecution in Canada is remote and speculative.

Rule 6(e)(2)[2] prohibits disclosure of matters occurring before the grand jury except

**1.** This Court was unable to decide the appeal within thirty days as required by 28 U.S.C. § 1826, in part because further briefing was deemed desirable. The ordinary procedure, where the court is unable to decide the appeal in thirty days, is to order release of the contemner at the end of the thirty-day period pending disposition of the appeal. *Melickian v. United States*, 547 F.2d 416, 419 (8th Cir.), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977). Here, however, Baird was already in custody on a federal sentence upon his plea of guilty to two drug charges. Therefore, this Court ordered that until a decision on the merits was reached, any time spent by Baird in custody upon expiration of the thirty-day period would be credited to the federal sentence he is presently serving.

**2.** Rule 6(e)(2) provides in pertinent part:
(2) *General Rule of Secrecy.*—A grand juror, an interpreter, a stenographer, an opera-

as otherwise provided. Rule 6(e)(3) creates several exceptions. Rule 6(e)(3)(A) permits disclosure to an attorney for the government for use in the performance of such attorney's duty, and to government personnel deemed necessary to assist an attorney for the government in enforcing federal criminal law. Rule 6(e)(3)(C)(i) provides that disclosure otherwise prohibited may be made when directed by a court preliminarily to or in connection with a judicial proceeding.[3]

Here, assuming that incriminating evidence could be released to an attorney for the government without court order for use in controlling international drug trafficking,[4] Rule 6(e)(2) forbids its disclosure by that attorney to foreign officials without a court order under Rule 6(e)(3)(C)(i).[5] It cannot be assumed that, if such a disclosure order is requested in the future,[6] the district court will grant it, particularly in light of the district court's grant of immunity and the self-incrimination question presented. The district court, if presented with such a request, may protect Baird's Fifth Amendment rights by, among other things, refusing to permit disclosure of the incriminating evidence.

In sum, because grand jury proceedings are secret, any evidence obtained from Baird would be unavailable to a foreign government without a court order. If such an order is requested, the district court may protect whatever Fifth Amendment rights Baird has.[7] We hold, therefore, that there is no real danger that Baird's testimony will expose him to foreign prosecution. *Accord, In re Campbell*, 628 F.2d 1260, 1262 (9th Cir. 1980); *In re Brummit*, 613 F.2d 62, 65 (5th Cir.), *cert. denied*, 447 U.S. 907, 935, 100 S.Ct. 2990, 3038, 64 L.Ed.2d 856, 1130 (1980); *In re Federal Grand Jury Witness*, 597 F.2d 1166, 1167–1168 (9th Cir. 1979); *In re Weir*, 495 F.2d 879, 881 (9th Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974); *In re Tierney*, 465 F.2d 806, 811 (5th Cir. 1972), *cert. denied*, 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973); *United States v. Armstrong*, 476 F.2d 313, 316 (5th Cir. 1973); *In re Parker*, 411 F.2d 1067, 1069–1070 (10th Cir. 1969), *vacated as moot, sub nom. Parker v. United States*, 397 U.S. 96, 90 S.Ct. 819, 25 L.Ed.2d 81 (1970). *But see In re Cardassi*, 351 F.Supp. 1080, 1082 (D.Conn.1972).

Judgment affirmed.

tor of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.

3. We assume, without deciding, that the phrase "judicial proceeding" includes a criminal trial conducted in a foreign country.

4. The courts have disagreed over whether disclosure may be made without court order to an attorney for the government only for use in enforcement of federal criminal law, or in civil as well as criminal matters. *See, e.g., In re Grand Jury Investigation No. 78–184*, 642 F.2d 1184, 1190 (9th Cir. 1981); *In re Grand Jury, September 20, 21, 22 and 25, 1967*, 82 F.R.D. 70, 73 (N.D.W.Va.1979) (criminal only). *But see, e.g., In re Grand Jury*, 583 F.2d 128, 130 (5th Cir. 1978) (civil and criminal). The government contends here that in any event disclosure to an attorney for the government would assist that attorney in enforcement of federal criminal narcotics laws, since control of international drug trafficking is directly related to such enforcement.

5. We have previously noted that " * * * it may be assumed that * * * [government] counsel may be trusted not to use or disclose improperly information that they may obtain from evidence presented to a federal grand jury * * *." *United States v. Universal Mfg. Co.*, 525 F.2d 808, 811 (8th Cir. 1975).

6. The government represents in its brief on appeal that disclosure of Baird's testimony will not be made to the Attorney General of the United States or to any of his delegates for use in international drug enforcement.

7. The Supreme Court has yet to decide whether the Fifth Amendment privilege against self-incrimination provides protection for a witness who, although granted immunity from prosecution, has a reasonable and appreciable fear of foreign prosecution. The lower courts have split. *Compare, e.g., In re Cardassi*, 351 F.Supp. 1080, 1084–1086 (D.Conn.1972); *Mishima v. United States*, 507 F.Supp. 131, 134–135 (D.Alaska 1981) (privilege applicable); *with In re Parker*, 411 F.2d 1067, 1070 (10th Cir. 1969) (privilege not applicable).