**In re Grand Jury Proceeding 82–2 (Relating to Edward Robert NIGRO, Jr., Petitioner).**

**Misc. No. 82–Y–101.**

United States District Court, D. Colorado.

Nov. 10, 1982.

John P. Oppenheim, Denver, Colo., and John D. Kaufman, Tucson, Ariz., for witness.

Robert N. Miller, U.S. Atty., and Gerald J. Rafferty, Asst. U.S. Atty., Denver, Colo., for the Government.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge:

This matter is before the Court on two principal matters: (1) Petitioner's Motion to Quash Writ of Habeas Corpus Ad Prosequendum filed by Edward Robert Nigro, Jr., Petitioner; and (2) the Government's Petition Pursuant to 28 U.S.C. § 1826(a) for a Rule to Show Cause why Mr. Nigro should not be held in contempt of court for failure to give testimony before a federal grand jury. Mr. Nigro was subpoenaed to appear before a federal grand jury in Colorado which was investigating alleged violations of federal narcotics, customs and other laws.[1] On July 27 and 28, 1982, Mr. Nigro appeared before Grand Jury 82–2 pursuant to a Writ of Habeas Corpus. Mr. Nigro refused to testify invoking his privilege against self-incrimination. Thereafter, upon appropriate motion by the United States Attorney and supporting documents an order granting immunity was entered pursuant to 18 U.S.C. §§ 6002 and 6003. The court order dated July 28, 1982, reads in part as follows:

NOW, THEREFORE, IT IS ORDERED pursuant to 18 U.S.C. § 6002:

1. That the witness Edward Robert Nigro give testimony or provide other information which he refuses to give or to provide on the basis of his privilege against self-incrimination as to all matters about which he may be interrogated before said grand jury;

2. That no testimony or other information compelled under this order (or any information directly or indirectly derived

---

1. Title 21 U.S.C. §§ 841(a)(1), 846 and 848; Title 18 U.S.C. § 2; and Title 26 U.S.C. §§ 7203 and 7206(1).

Mr. Nigro refused to answer questions concerning illegal import and export of money between the United States and unnamed countries; illegal laundering of narcotics money inside and outside the territorial United States; illegal laundering of narcotics money through offshore corporations or banks; sources of money received from operation of narcotics operation.

from such testimony or other information) may be used against said witness in any criminal case, in any court, except a prosecution for perjury, giving a false statement or otherwise failing to comply with this order.

Mr. Nigro returned to the grand jury on the same date the immunity order was entered and refused to answer any questions. The Government moved the court for entry of sanctions against Mr. Nigro for his refusal to comply with the court order ordering his testimony [28 U.S.C. § 1826(a) ].

Thereafter, Mr. Nigro through his counsel, moved to quash the grand jury subpoena alleging (a) that the court's immunity order would not safeguard him from foreign prosecution and (b) it would not afford him protection co-extensive with his privilege against self-incrimination.

Mr. Nigro also asserted other grounds for not testifying, alleging procedural irregularities and other attacks directed against his incarceration. Motions that had been filed on his behalf include violations of Rule 6, F.R.Cr.P., abuse of process and others.

A hearing on the Motion was held on September 24, 1982, at which time Mr. Nigro set forth his reasons for denial of testimony.

## I.

■ The main issue involved is whether a witness who has been granted immunity against the use of his testimony in federal and state prosecutions may present possible foreign prosecution as a basis for his claim of self-incrimination before a grand jury.

In the context of the factual backdrop of this case, we answer in the negative.

Neither at the hearings nor in the briefs has Mr. Nigro established that his fears of foreign prosecution are real, substantial and reasonable and based on objective facts as distinguished from his subjective speculation. Fifth amendment "privilege protects against real dangers, not remote and speculative possibilities". *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234

(1972). The individual seeking to invoke the fifth amendment privilege against self-incrimination bears the heavy burden of establishing (1) that the subject of the Government's questions raises "real danger", that the individual may be compelled to disclose information that might incriminate him under foreign law and (2) that he legitimately entertains a "real and substantial" fear that his prosecution by a foreign government is likely to follow. *United States v. Yanagita,* 552 F.2d 940, 946 (2d Cir.1977).

■ Provisions of the constitution and fifth amendment apply only to restrain officials who act under the laws of the United States; they do not extend their protection to persons who are subject to prosecution by wholly unrelated governments abroad. *In Re Parker,* 411 F.2d 1067 (10th Cir.1969) *vacated as moot sub nom. Parker v. United States,* 397 U.S. 96, 90 S.Ct. 819, 25 L.Ed.2d 81 (1970). In *In Re Parker* the trial court held a witness in civil contempt for refusing to answer grand jury questions. In a thorough and well reasoned opinion, the appellate court affirmed. The case remains strong precedent in this circuit.

*In Re Parker, supra,* holds (a) that the secrecy attending grand jury proceedings serves as a sufficient protection for an immunized witness that there is no real risk of foreign prosecution and (b) the witness cannot invoke her privilege against self-incrimination after receiving court immunization. *Id,* at 1069. In accord, *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972).

In *In Re Parker* the trial and appellate courts were directed to the body of law of a specific country (Canada) to determine whether there was a danger of incrimination under the law of that foreign country. In the instant case, Mr. Nigro in his broad claim of protection merely asserts that he *may* be subject to charges by some unnamed foreign jurisdiction. Clearly, his claim of privilege against prosecution is speculative and lacks any specificity. In the stronger case of *In Re Parker* the claim of the immunized witness was disallowed.

We have considered and reject Mr. Nigro's argument that public disclosure of his grand jury testimony is inevitable and that when such disclosure occurs, various foreign jurisdictions will descend upon him. However, upon inquiry by the Court at the time of oral argument, counsel for Mr. Nigro was unable to cite a single case or present any legal precedent where foreign prosecutors sought extradition and prosecution of a grand jury witness on the basis of his immunized testimony.

Mr. Nigro is adequately protected by the provisions of Rule 6(e), F.R.Cr.P. requiring that grand jury testimony be kept secret and this safeguard eliminates any reasonable ground for apprehending foreign prosecution. *In Re Parker, supra; In Re Baird,* 668 F.2d 432, 434 (8th Cir.1982), *cert. denied,* —— U.S. ——, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982); *United States v. Brummitt,* 665 F.2d 521 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2244, 72 L.Ed.2d 852 (1982); *In Re Campbell,* 628 F.2d 1260 (9th Cir.1980); *In Re Tierney,* 465 F.2d 806 (5th Cir.1972), *cert. denied,* 410 U.S. 914, 93 S.Ct. 959, 35 L.Ed.2d 276 (1973).

**2.** Rule 6, F.R.Cr.P.

RULE 6. The Grand Jury

. . . .

(e) Recording and Disclosure of Proceedings.

. . . .

(2) General Rule of Secrecy.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

See discussion in *In Re Flanagan,* 691 F.2d 116 (2d Cir.1982).

■ Another important factor is that the grant of immunity is as broad as possible under 18 U.S.C. §§ 6002 and 6003; it is co-extensive with the self-incrimination privilege under the constitution and applicable law. Petitioner can expect no more. Under Rule 6(e)(2)[2] Government attorneys are not authorized to disclose grand jury testimony to foreign authorities without prior Court authorization. Although Rule 6(e)(3)(A) permits disclosure to an attorney for the Government "for use in the performance of such attorney's duty and to government personnel deemed necessary to assist an attorney for the government in enforcing federal criminal law" that exception does not allow federal law enforcement personnel to turn over grand jury materials to foreign officials without first obtaining a court order under Rule 6(e)(3)(C)(i). See, *In Re Baird, supra,* at 434 and *United States v. Brummitt, supra,* at 524.

Mr. Nigro's argument ignores the fact that a court which has granted immunity to

(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

a grand jury witness who demonstrates a "real danger" that his compelled testimony could provide a basis for foreign prosecution would be unlikely to permit disclosure of grand jury testimony to foreign authorities.

As one court has observed:

To infer that this court would on the one hand give defendant immunity, and on the other hand renege on its own integrity is so difficult to assume it is speculative. Only the court can give immunity; only the court can order the witness to answer; only the court can order disclosure.

See, *United States v. Brummitt, supra,* 525 n. 4; see also, *In Re Tierney, supra; In Re Campbell, supra;* and *In Re Parker, supra.*

If disclosure is requested by foreign authorities, or if disclosure is sought on other grounds at a later stage in the proceedings, appropriate steps can be taken to minimize any risk that immunized testimony would be disclosed in violation of a witness's constitutional rights. See *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, *reh. denied,* 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed.2d 345 (1972).

Clearly in view of the power and duty of this Court to preserve the secrecy of grand jury matters, no "real and substantial" danger of foreign prosecution exists based on his ordered testimony. *Zicarelli v. New Jersey State Commission of Investigation, supra; In Re Parker, supra;* and see special concurring opinion *In Re Flanagan, supra,* 691 F.2d 116 at 124, 125 (1982).

*In Re Flanagan,* 691 F.2d 116 (2d Cir. 1982) is the latest authority to uphold the requirement of testimony under grant of immunity notwithstanding a claim of potential foreign prosecution.

Flanagan was subpoenaed to testify before a grand jury investigating a conspiracy to smuggle fire arms and ammunition from the United States to the Irish Republic Army in Ireland, in violation of 26 U.S.C. § 5861 and 22 U.S.C. §§ 2778(b)(2) and (c). He asserted his fifth amendment privilege to refuse to testify on the grounds of self-incrimination. An order was entered pursuant to 18 U.S.C. §§ 6002 and 6003, compelling him to "give testimony or provide other information . . . as to all matters about which he may be interrogated before the grand jury". Notwithstanding the immunity grant, Mr. Flanagan persisted in invoking the fifth amendment and refused to answer questions before the grand jury claiming that because the immunity order did not purport to protect him from prosecution in Ireland or the United Kingdom, it could not supplant his constitutional privilege against self-incrimination.

The circuit court reviewed current authorities and reversed the trial court's refusal to hold Mr. Flanagan in civil contempt for his refusal to testify before a grand jury under a grant of immunity. The appeals court held that interrogation before the grand jury would not violate his right of protection against self-incriminations since Flanagan failed to demonstrate any real or substantial fear of foreign prosecution as a result of his giving grand jury testimony. The appellate court did not decide the question whether, when immunity is granted a grand jury witness, the fifth amendment protects him against disclosure of information that would expose him to a substantial risk of foreign prosecution. Judge Van Graafeiland, in a special concurring opinion, held in effect that the spirit and tenor of Rule 6(e) of the F.R.Cr.P. would afford the petitioner sufficient protection and that the "likelihood is that the tradition of grand jury secrecy, which is older than the Nation itself . . . will not be cavalierly disregarded."

There is another point urged in petitioner's argument. He contends that the existence of foreign narcotics laws and membership by many countries in a compact outlawing violations of said laws, legitimatizes his "real fear of prosecution". In support, he cites the 1961 Multilateral Single Convention on Narcotics Law; 18 U.S.C. § 1407. This statute must be read together with 28 U.S.C. § 1739 (Amending Protocol). In our view this argument does not support petitioner's position.

A reading of the applicable statutes leads to the conclusion that the Single Convention and Amending Protocol require the member countries to the convention to be bound to observe the constitutional, legal and administrative systems of member nations. According to our analysis, this would include grants of immunity.

In sum we find that there is no existence of potential foreign prosecution of Mr. Nigro; no nexus has been established between areas of inquiry of the grand jury and potential foreign prosecution for this testimony; there is no evidence that if charges were filed in a foreign country, Mr. Nigro would be subject to extradition from the United States; the likelihood that Mr. Nigro's testimony would be disclosed to a foreign government has not been established; and further the risk is not sufficiently substantial to justify a real fear that the evidence might incriminate Mr. Nigro in a foreign jurisdiction.

Mr. Nigro's refusal to testify on the grounds stated under the several motions is without support in fact or law.

The Court finds in favor of the Government and against the claim of the Petitioner.[3]

## II.

The procedural arguments advanced by Mr. Nigro with regard to alleged abuses by the government simply do not provide a basis for non-compliance with the order to present testimony. No abuse has been demonstrated at this point. The request for discovery by Mr. Nigro ignores the fact that he is not a target in the grand jury proceedings. He is an immunized witness before the grand jury. If he should be indicted as a result of these proceedings,

protections outlined in *Kastigar v. United States,* 406 U.S. 411, 92 S.Ct. 2478, 33 L.Ed.2d 345 (1972), would be applicable. However, at this stage of the proceedings, these motions are at best premature and contrary to Rule 6(e) F.R.Cr.P.

■ Mr. Nigro also contends that he could not comply with the order to testify because the government's questions are tainted by illegal electronic surveillance. The allegation is without any substantiation. On September 24, 1982, at the hearing on this matter, the government announced that it had conducted a search of its files and could find no illegal electronic surveillance of the witness. However, valid consensual surveillance did occur. The government has agreed to provide the transcripts of those conversations. In light of these facts, alleged electronic surveillance does not afford a basis to avoid our order of July 27, 1982.

While the government has responded, we do note Mr. Nigro has not made even a preliminary showing necessary to request the government to respond to his claim of illegal electronic surveillance. The claim and cursory information submitted by Mr. Nigro is such unsubstantial evidence that it places no burden on the government to "affirm or deny" the existence of wiretapping. See *In Re Grand Jury (Vigil)* 524 F.2d 209, 214 (10th Cir.1975), *cert. denied* 425 U.S. 927, 96 S.Ct. 1526, 47 L.Ed.2d 170 (1976).

However, assuming that the showing by Mr. Nigro was adequate to trigger a government response, the answer and denial by the government on this point was sufficient. The witness cannot avoid testimony on the grounds advanced. See *Gelbard v. United States,* 408 U.S. 41, 71, 92

---

**3.** We note that the point involved in this case has been a subject of several law reviews and legal publications.

Comment, *Fear of Prosecution and the Fifth Amendment,* 58 Iowa L.Rev. 1304 (1972). Note, *Testimony Incriminating Under the Laws of a Foreign Country—Is there a Right to Remain Silent?,* 11 N.Y.U.J.Internat. Law and Pol. 359 (1978); *Second Interim Report of the National Commission on Reform of Federal Crimi-*

*nal Laws,* Mar. 17, 1969, Working Papers of the Commission; *The Fifth Amendment Does Not Protect Federal Grand Jury Witnesses From Being Compelled to Give Testimony Which Would Incriminate Them in a Foreign Jurisdiction,* 8 Tex.Int.L.J. 262 (1973); and *Federal Witness Immunity Problems & Practice* under 18 U.S.C. §§ 6002–6007, 14 American Criminal Law Review 275, 288 (1976).

S.Ct. 2357, 2373, 33 L.Ed.2d 179 (1972) (White, J. concurring) and *United States v. Yanagita*, 552 F.2d 940 (2d Cir.1977).

### III.

Mr. Nigro also contends that some of the questions propounded to him before the grand jury include information derived from plea discussions held in Tucson, Arizona, among his attorney, two government prosecutors, and government agents from Colorado. It appears that during Mr. Nigro's plea discussions concerning the Arizona charges, he and his attorney attempted to resolve his status with regard to the investigation now pending before Grand Jury 82–2 by proffering some information to the Colorado agents in return for a commitment not to prosecute him. All parties now agree these discussions were conducted pursuant to Rule 11(e)(6) F.R.Cr.P. After these discussions failed to result in any agreement, Mr. Nigro proceeded to enter a guilty plea in the United States District Court for Arizona.

■ Rule 11(e)(6)(D) F.R.Cr.P. is informative. Under that Rule, Mr. Nigro's statements to the prosecutors and agents in Arizona would be admissible in any civil or criminal proceeding once a plea of guilty was accepted and not withdrawn. Rule 11(e)(6) F.R.Cr.P.; See also, 1C. Wright, *Federal Practice and Procedure* § 11.8(4) (1969). Since such a plea was entered, these statements are available to the government. Accord, *United States v. Benson*, 640 F.2d 136 (8th Cir.1981). Therefore, this argument does not afford Mr. Nigro an excuse not to present testimony before the grand jury.

### IV.

■ Mr. Nigro also asserts that Grand Jury 82–2 has been tainted and should be excluded from hearing any other matters concerning him. He alleges that Rule 6(d) F.R.Cr.P. was violated, as Gerald J. Rafferty, Esq., an Assistant United States Attorney, a court reporter and Mr. Nigro himself were present during grand jury deliberations and voting. The incident occurred after Mr. Rafferty asked members of the grand jury whether they approved of his taking Mr. Nigro before the United States District Court to seek immunity and an order compelling him to testify. In our view such conduct amounted to only a technical violation of Rule 6(d). In any event any taint is insignificant and does not justify Mr. Nigro's refusal to testify before Grand Jury 82–2. Mr. Nigro's rights have not been prejudiced by the incident. Mr. Nigro at this point in time is in the position of an immunized witness.

### V.

Finally, Mr. Nigro has failed to support his Motion to Quash the Writ of Habeas Corpus for failure of the Department of Justice to follow its guidelines forbidding a target defendant to be called as a witness before a grand jury and his Motion to Quash the Writ for abuse of process. Contrary to his position, the government has not used the grand jury to punish or abuse Mr. Nigro. All Motions filed by Mr. Nigro are DENIED.

### VI.

The above constitute the findings of facts and conclusions of law.

### VII.

In light of the above discussions, the Court finds as follows:

1. Grand Jury 82–2 for the District of Colorado is conducting an investigation involving possible violations of narcotics, currency and customs laws including Title 21 U.S.C. §§ 841(a)(1), 846 and 848; Title 18 U.S.C. § 2; and Title 26 U.S.C. §§ 7203 and 7206(1).

2. On July 27, 1982, this Court directed Edward Robert Nigro, Jr. to provide testimony to the grand jury, pursuant to 18 U.S.C. §§ 6002 and 6003(a).

3. On July 28, 1982, Edward Robert Nigro, Jr. appeared before Grand Jury 82–2 and refused to provide said testimony on the basis of various grounds discussed above.

**72**

4. After careful review of the briefs and the applicable law we find Edward Robert Nigro, Jr. has no constitutional privilege or other justification for refusing to provide testimony to Grand Jury 82–2.

### ORDER

Edward Robert Nigro's Motions to Quash the Writ of Habeas Corpus and all Motions are hereby DENIED.

The Petition of the Government pursuant to 28 U.S.C. § 1826(a) for a Rule to Show Cause is GRANTED.

It is adjudged that Edward Robert Nigro, Jr. is in civil contempt of this Court for his refusal to obey the lawful order of this court and give testimony or provide other information to the grand jury.

IT IS THEREFORE ORDERED that Edward Robert Nigro, Jr. be and is hereby committed to confinement until such time as Edward Robert Nigro, Jr. is willing to give such testimony or provide such information to the grand jury.