Jay Kenton **SAMUELSON, Appellant,**

v.

**G.R. GASELE, Warden, Appellee.**

**No. 90–5142.**

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1990.

Decided Jan. 22, 1991.

Samuelson, pro se.

Gary Annear, Fargo, N.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Jay K. Samuelson, a Minnesota inmate, appeals from the district court's order denying his 28 U.S.C. § 2255 motion which claimed he was entitled to credit toward his criminal sentence for time served on a civil contempt charge. We reverse.

On September 9, 1983, while serving a federal criminal sentence, Samuelson was found in civil contempt pursuant to 28 U.S.C. § 1826(a) for refusing to answer questions posed to him before a federal grand jury. The district court ordered that he be imprisoned until he purged himself of the contempt. Samuelson filed his notice of appeal on November 4, 1983. His appellate brief was due on December 30, 1983. On February 14, 1984, this court issued a fifteen-day default letter; on February 29 he filed his brief. On May 29, 1984, the term of confinement for the contempt expired (presumably because the term of the grand jury ended, *see* 28 U.S.C. § 1826(a)).[1] The Eighth Circuit affirmed the district court on July 30, 1984. *In re Grand Jury Subpoena (Samuelson)*, 739 F.2d 1354 (8th Cir.1984).

Samuelson was brought before a grand jury a second time and again refused to answer the questions posed. The district court imposed a sentence of imprisonment, and Samuelson appealed. The Eighth Circuit found it inadvisable to decide the appeal within thirty days, and ordered Samuelson released from confinement for contempt pending decision on his appeal, in accordance with this circuit's policy under 28 U.S.C. § 1826(b).[2] *See Melickian v. United States*, 547 F.2d 416, 419 (8th Cir.), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977). Thereafter, this court reversed the district court's contempt order and ordered that Samuelson receive credit toward his criminal sentence for any time served for the civil contempt. *In re Grand Jury Proceedings: Samuelson*, 763 F.2d 321 (8th Cir.1985). The court noted that it had upheld the previous contempt sentence, "which was not applicable to the time [Samuelson] was serving for his prior convictions." *Id.* at 322.

In the instant motion, Samuelson requested credit toward his criminal sentence, for the time he was incarcerated beyond the statutory thirty days in connection with his first contempt sentence. The district court denied Samuelson's motion, adopting the government's position that the Eighth Circuit was well aware of its responsibilities and its failure to apply the thirty-day release procedure could only mean it found the appeal frivolous or taken for the purpose of delay.

Samuelson argues on appeal that the failure of the court of appeals to apply the established thirty-day release procedure violated his due process and equal protection rights. The government reasserts its position that Samuelson is not entitled to the credit because the appeal was frivolous, and even if he were entitled to credit, it should only be for sixty days (from thirty days after Samuelson filed his brief until his contempt sentence expired).

Pursuant to section 1826(b), the Eighth Circuit has adopted a release procedure for contemnors whose appeals cannot be resolved within thirty days because of a procedural delay or where an extension of time is necessary. *Melickian v. United States*, 547 F.2d at 419. This court's review of the legislative history of section 1826(b) indicated that the thirty-day statutory provision was added to protect a meritorious contemnor in event that bail was denied. This release procedure ensures fair and complete consideration of the issues and maintains the coercive pressure of the contempt order, as the threat and actuality of reincarceration "still loom on the

---

**1.** Section 1826(a) provides in part that no period of confinement for a recalcitrant grand jury witness shall exceed the life of the grand jury or 18 months, whichever is shorter.

**2.** Section 1826(b) provides that
[n]o person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

horizon." *Id.* at 419–20. This procedure was applied under almost identical facts as in Samuelson's case in *In re Baird,* 668 F.2d 432, 433 n. 1 (8th Cir.), *cert. denied,* 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982). In *Baird* this court ordered that because Baird was already serving a criminal sentence, any time spent in custody on the contempt sentence after expiration of thirty days would be credited toward the criminal sentence. Thereafter the district court's contempt order was affirmed. *Id.* at 434.

There is no indication that this court thought Samuelson's appeal from the first contempt sentence was frivolous. The case was fully briefed, argued before a hearing panel, and decided on the merits. *See Samuelson,* 739 F.2d 1354. Under *Baird,* the thirty-day release procedure should have been applied to Samuelson. We conclude that Samuelson was entitled to credit toward the sentence he was serving, for the time exceeding the thirty-day release procedure. We do not believe, however, that he should receive credit for the sixty-one day delay (December 30, 1983, to February 29, 1984) in submitting his brief. He is thus entitled to 116 days credit toward his criminal sentence, from December 4, 1983, which is thirty days after the notice of appeal was filed, to May 29, 1985, when he was released from confinement for contempt (less the sixty-one day delay). We reject the government's argument that the statutory thirty days should not start to run until Samuelson filed his brief.

We reverse and remand with directions that the district court grant the motion, and order that Samuelson be given 116 days credit toward his criminal sentence.